**Lidia Setiawan Holly LIE, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General, Respondent.**

No. 04–70892.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 22, 2007.*

Filed Nov. 20, 2007.

Robert G. Ryan, Esq., Law Offices of Eugene C. Wong, PC, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Richard M. Evans, Esq., John L. Davis, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: B. FLETCHER, WARDLAW, and IKUTA, Circuit Judges.

MEMORANDUM **

Lidia Setiawan Holly Lie, an ethnic Chinese and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' order affirming the Immigration Judge's ("IJ") decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We dismiss in part and grant and remand in part the petition for review.

■ We dismiss the petition as to Holly Lie's CAT claim and her claim of persecution on account of her Christian religion because these issues were not exhausted before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir.2004). We have jurisdiction over the remaining claims under 8 U.S.C. § 1252, and we review for substantial evidence, *see Deloso v. Ashcroft*, 393 F.3d 858, 863 (9th Cir.2005).

■ Substantial evidence does not support the BIA's adverse credibility determination because some findings are not supported by the record and some are based on a minor omission. *See Bandari v. INS*, 227 F.3d 1160, 1165–67 (9th Cir.2000). Furthermore, in regards to the remaining findings, Holly Lie was not given the opportunity to explain the perceived inconsistency. *See Chen v. Ashcroft*, 362 F.3d 611, 618 (9th Cir.2004).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Finally, although substantial evidence supports the BIA's finding that Holly Lie did not suffer harm that rose to the level of past persecution, because the BIA did not address the question of Holly Lie's individualized risk of future persecution, we grant and remand so that the agency can make a determination of whether Holly Lie has met the requirements for a well-founded fear of future persecution. *See Sael v. Ashcroft*, 386 F.3d 922, 924–25 (9th Cir.2004); *see also INS v. Ventura*, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION DISMISSED in part; and GRANTED in part and REMANDED.**

Judge IKUTA concurs in the result.